# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TISHA D. ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-547-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Tisha D. Ross (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 44 years old at the time of the ALJ's decision. Claimant completed her high school education and took advanced classes. Claimant has no past relevant work. Claimant alleges an inability to work beginning February 15, 1999 due to limitations resulting from bipolar and psychotic disorders, migraine headaches,

and high blood pressure.

## Procedural History

On September 20, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 22, 2015, Administrative Law Judge ("ALJ") David Engel conducted an administrative hearing in Tulsa, Oklahoma. On July 15, 2015, the ALJ entered an unfavorable decision. The Appeals Council denied review on October 5, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical and non-medical source evidence; (2) failing to perform a proper determination at steps four and five;

4

(3) failing to perform a proper credibility analysis; and (4) failing to reopen Claimant's prior claim.

**Evaluation of the Source Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of bipolar disorder, residuals of comminuted posteriorly displaced fracture distal fibula, diabetes mellitus, and left ankle problems. (Tr. 13). The ALJ determined Claimant retained the RFC to perform light and sedentary work. She was unable to climb ropes, ladders, and scaffolds, and was unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts. The ALJ determined Claimant was able to understand, remember, and carry out simple to moderately detailed instructions in a work-related setting, and was able to interact with co-workers and supervisors, under routine supervision. (Tr. 14).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of kitchen helper, hand packager, housekeeper/cleaner, and touch-up screener, all of which were found to exist in sufficient numbers in the regional and national economies. (Tr. 18). As a result, the ALJ found Claimant was not under a disability from February 15, 1999 through the date of the decision. (Tr. 19).

Claimant contends[2] the ALJ failed to properly consider the medical and non-medical source evidence. Claimant first asserts that the ALJ should not have relied upon a non-examining, non-treating consultative reviewer identified in the record as "Lynette M. PhD." (Tr. 105). Claimant states that she cannot confirm this reviewer's "existence, or the authenticity of their degree." Claimant accuses Defendant of "secret cloaking of the so-called expert" and that "there is no way to know that the person is a dues-paying member of any state licensing authority." While further identification of this reviewing agency medical professional might be desirable and should be forthcoming in the future, she is coded under the Program Operation Manual System as a psychologist. (Tr. 105). Some degree of deference must be given the Social Security Administration's retention of qualified medical consultants. Claimant's contention of an agency conspiracy to hide its professionals is not supported by the overall record since the same findings and opinion were rendered by another reviewing professional, Dr. Bernard Pearce. (Tr. 68).

Claimant contends the failure to fully identify the professional constitutes a denial of due process. The

---

[2] Claimant filed two opening briefs in this case which appear to be duplicative of one another (Docket Entry Nos. 12 and 13). For purposes of official review, this Court will consider the latest filed brief as setting forth Claimant's arguments in this appeal.

constitutional requirement for procedural due process applies to social security hearings. Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005) citing Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983). Typically, a due process argument is made when an ALJ utilizes post-hearing evidence without affording a claimant a hearing to cross-examine or challenge the evidence. Id. No such violation of due process occurred in this case.

Claimant appears to contend that the ALJ did not engage in a formulaic examination of the factors set forth in Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). However, many of these factors have very little application to the opinion of a reviewing physician such as length of treatment relationship, nature and extent of treatment relationship, and testing performed. This is precisely the basis for the conclusion that

> it is not necessary for the ALJ to address each factor expressly or at length . . . . As long as the ALJ provides "good reasons in his decision for the weight he gave to the . . . opinion[], [n]othing more [is] required[.]" . . . What matters is that the decision is "sufficiently specific to make clear to any subsequent reviewer[] that weight the adjudicator gave to the . . . opinion and the reasons for that weight."
> Mounts v. Astrue, 479 Fed.Appx. 860, 8665 (10th Cir. 2012) quoting Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007).

The ALJ made detailed findings concerning the psychological evidence and concluded that the overall record supported his

7

decision to give the reviewing physcian's opinion "great weight." (Tr. 17). Support from the medical record is the primary factor in deciding the weight of reviewer's consultative opinions as few of the other factors are germane. The ALJ cited to the consultative examination by Dr. Diane Brandmiller and the treatment records from CREOKS Mental Health Clinic as a part of the overall record which supported the reviewer's opinion. (Tr. 16-17). In her narrative opinion, the reviewer concluded Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public on an ongoing basis, and could adapt to a work situation. (Tr. 105). Dr. Brandmiller concluded Claimant's abstract thinking appeared mildly impaired, her expressive and receptive language skills appeared intact, she appeared to be able to understand and carry out simple instructions, and may have difficulty in a work setting that required frequent interactions with the public. (Tr. 361). These findings are not inconsistent and show support for one another. No error is found in the ALJ's consideration of the opinion evidence.

Claimant also asserts the ALJ failed to consider the limitations imposed by her non-severe migraine headaches. The objective medical record indicates that Claimant "continues to have

good migraine control of her headaches with Imitrex." (Tr. 340). Claimant did not testify of the limiting effects of her migraine headaches at the administrative hearing. The ALJ cannot be expected to manufacture limitations that do not exist.

**Step Four and Five Determination**

Claimant contends the ALJ's questioning of the vocational expert was inconsistent with the RFC findings. The ALJ questioned the vocational expert as follows:

> In our first scenario, assume an individual able to perform medium or light or sedentary exertional work. But assume even then no climbing of ladders, scaffolds, unprotected heights, or dangerous machinery, parts or environments of that kind. Assume an individual able to understand, remember, and carryout simple instructions only in a work-related setting. And assume interaction with coworkers and supervisors under routine supervision. I'll come to close supervision in a minute. But assume routine supervision. Assume interaction with the general public is going to prove problematic and would be limited to an occasional basis only. And assume it will make not difference whether it's in person or over a telephone. In either event that interaction with the public is going to be occasional in nature only. And assume symptoms from a variety of sources. Those could be depression. It could be anxiety. Could be bi-polar. Doctors have used a lot of labels. But here today here assume all of them variously described and of sufficient severity as to be noticeable to that person at all times, yet able to remain attentive, responsive, and perform work assignments within the above limits I have just given.

(Tr. 51-52).

The vocational expert responded with the jobs identified in the

9

decision. (Tr. 52-53). The ALJ went on to provide additional limitations on close supervision and absenteeism which precluded maintaining employment as found by the expert. (Tr. 54-55).

Despite this testimony, the ALJ concluded in the RFC that Claimant could "carry out simple to moderately detailed instructions in a work-related setting, and able to interact with co-workers and supervisors, under routine supervision". (Tr. 14). The RFC contained no reference to restrictions in interaction with the general public.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did not mirror Claimant's impairments and his RFC

10

findings.  This Court rejects Defendant's argument that somehow the jobs identified by the vocational expert absolved the ALJ from including the same restrictions in his questioning as were included in the ultimate findings in the RFC.  On remand, the ALJ shall include the same restrictions in the hypothetical questions as are identified in the RFC.

Claimant also contends the ALJ improperly excluded the findings by the reviewing psychologists contained in Section I of the MRFCA. While Section III of the MRFCA generally reflects the opinion of the expert while Section I acts as a worksheet, if the Section III narrative inadequately addresses the summary restrictions found in Section I, it cannot be relied upon to provide substantial evidence in support of the RFC.  Carver v. Colvin, 600 F. App'x 616, 618-19 (10th Cir. 2015).  On remand, the ALJ shall consider whether the reviewer's opinions contained in the Section III portion of the MRFCA adequately addresses the findings in Section I before he relies upon it in his decision.

**Credibility Determination**

Claimant's briefing does not challenge the recitation of her testimony contained in the ALJ's decision.  He appears to accept much of Claimant's restrictions, including restrictions in the ability to interact with the general public.  However, he concludes

11

that he accounted for these restrictions in the RFC. (Tr. 17). He did not. Again, on remand, the ALJ shall reconcile his acceptance of Claimant's testimony with the restrictions that he includes in the RFC.

### Reopening of a Prior Claim

Claimant also asserts that the ALJ considered evidence from a prior claim and, therefore, effectively reopened it. Claimant's assessment is accurate. However, it is unclear how Claimant was prejudiced by doing so. On remand, the ALJ shall expressly consider the reopening of the prior claim and address the issue in his decision.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the case is REMANDED for further proceedings consistent with this Opinion and Order.**

IT IS SO ORDERED this 21st day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE